# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PAUL MARIANETTI, PATRICIA MARIANETTI**,

    Plaintiffs,

    v.                                            CIV NO. 01-1127 DJS/LFG

**CITY OF ALBUQUERQUE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Plaintiffs' Motion for Summary Judgment on Liability Only filed June 4, 2002 (Docket No. 24), Defendant's Motion for Summary Judgment on Plaintiffs' Claims for Deprivation of their Due Process and Equal Protection Rights and Takings of Their Property filed June 24, 2002 (Docket No. 29) and Defendant's Motion to Amend Answer to State a Denial in Paragraph 21 filed July 11, 2002 (Docket No. 33). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual

1

dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87.

**DISCUSSION**

The instant suit is a civil action brought pursuant to 42 U.S.C. §1983. Plaintiffs are citizens of Albuquerque, New Mexico who reside in the downtown area of that city. They contend that they have been denied their right to equal protection by the City's failure to enforce its noise ordinances in the downtown area. Plaintiffs further assert that Defendant has retaliated against them for seeking enforcement of the noise ordinances by refusing to enforce those ordinances.

Plaintiffs contend that the constitute a "class of one" as recognized in Village of Willowbrook v. Olech, 528 U.S. 562, 564 (1999) (*per curiam*). In order to state a claim as a class of one, Plaintiffs must allege that they have been treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Olech, 562 U.S. at 564. In order to succeed in their claim, Plaintiffs must show that "the action taken by the state...was a spiteful effort to 'get' [them] for reasons wholly unrelated to any legitimate state objective." Bartell v. Aurora Public Schools, 263 F.3d 1143, 1149 (10th Cir. 2001)(citation omitted). Bare assertions of differential treatment are insufficient to state a claim. Id.

Plaintiffs contend that they are treated differently from other citizens of Albuquerque because the City noise ordinances are enforced outside of the downtown area but not within it. In support of this contention, they submit documents from three prosecutions for or police reports of violations

2

of Albuquerque City Ordinance §12-2-4 which occurred in other parts of the City. In addition, they rely upon statements they allege were made by police officers and city employees to the effect that the noise ordinances would not be enforced in the downtown area of Albuquerque. However, two ordinances are at issue here. Albuquerque City Ordinance §12-2-4 states in part that "Unreasonable noise consists of creating any unreasonably loud, disturbing, or unnecessary noise of any such character, intensity or duration as to be detrimental to the repose, life or health of others...." Albuquerque City Ordinance §9-9-1, *et seq.*, is entitled the "Noise Control Ordinance". That ordinance sets out permissible amounts of noise from various sources as measured against ambient noise levels. The permissible amount of noise varies for areas designated "Special Center Zones". Defendant asserts that the downtown area comprises a "Special Center Zone". Plaintiffs must show that a higher level of noise allowed in the downtown area or refusal to enforce any noise ordinance in the downtown area is an effort directed at them for spite, under the holding of Bartell, *supra*. Plaintiff's allegations fall short of that standard, despite their claims of retaliation for complaining regarding the noise levels in the downtown area of Albuquerque. Further, they have not shown that there is no rational basis for Defendant to permit different levels of noise in different areas of the city or that the decision to permit higher noise levels in the downtown area was motivated by malice toward them.

Plaintiffs also assert that they have been denied police protection. Although a state has no general constitutional duty to protect its citizens, it violates the Equal Protection Clause if it selectively denies its protective services to disfavored minorities. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 197 n. 3 (1989); Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir.1988). For example, the state violates the Equal Protection Clause if it provides

3

less protection for domestic violence victims than it does for other assault victims. Watson, 857 F.2d at 694. A plaintiff must show evidence of a policy or practice of such discrimination. It is not enough to show evidence of Plaintiffs' own circumstances. Id. at 694-95.

Plaintiffs assert that bars and nightclubs in the downtown district are creating "unreasonable noise" as defined by City Ordinance §12-2-4, that they have complained numerous times about the noise, but that the ordinance has not been enforced due to the political influence of the Downtown Action Team, Inc., a group dedicated to revitalization of the downtown area. Plaintiff's Brief in Support of Motion for Summary Judgment on Liability Only, p. 1. Plaintiffs offer no authority for the proposition that they are similarly situated to all residents of the city of Albuquerque, rather than residents of downtown district of that city. Further, Defendant has designated certain sections of the city for different levels of legal noise. Plaintiffs do not contest that the downtown area is one of those sections. "[A] classification neither involving fundamental rights nor proceeding along suspect lines ... cannot run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319-320 (1993) (citations omitted). In their response to Defendant's Motion for Summary Judgment Plaintiffs have not shown that the designation of different areas of the city for different levels of noise enforcement is not rationally related to the legitimate government purpose of fostering development or encouraging different use for different areas of the city. Consequently, Plaintiffs are not entitled to relief on their claim of denial of equal protection.

Plaintiffs contend that Defendant has admitted a constitutional violation in its Answer, Paragraph 21. In that pleading Defendant stated in relevant part "The City admits the allegations contained in Paragraph 21 of the Complaint." Answer filed October 26, 2001, p. 4 (Docket No. 5).

Paragraph 21 of the Complaint alleges "Defendant has maintained a custom and policy of not enforcing Albuquerque Criminal Code §12-2-4 in and around the downtown core of Albuquerque, New Mexico, that is undergoing so-called "revitalization," that has subjected Plaintiffs to a denial of their constitutional rights under the Fourteenth Amendment." Defendant filed a motion to amend its Answer to change the admission to a denial on July 11, 2002. Plaintiffs assert that they have relied upon Defendant's original assertion in response to Paragraph 21 of the Complaint and that Defendant is thereby bound to its original Answer.

Defendant can amend its answer only by leave of court. Fed.R.Civ.P. 15(a). Although such leave "shall be freely given when justice so requires", id., whether to grant such leave "is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); accord, Triplett v. Leflore County, 712 F.2d 444, 446 (10th Cir.1983). "An outright refusal to grant leave without any justifying reason appearing for the denial" is an abuse of discretion, but there is no abuse if the court relies on a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment". Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court notes that the conclusion to Plaintiffs' Brief in Support of Motion for Summary Judgment on Liability Only states "There are no undisputed facts, and the Marianettis are entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56". Plaintiffs' Brief in Support of Motion for Summary Judgment on Liability Only filed June 24, 2002 (Docket No. 25), p. 25. This error, asserting that there are no undisputed facts, rather than asserting that there are no *disputed* facts, is akin to Defendant's error in admitting a constitutional violation in a manner

5

contrary to the rest of its Answer. For example, Defendant asserts the inconsistent affirmative defenses that all of its actions were lawful, in good faith, and in the legitimate exercise of governmental functions and requests that the Court dismiss Plaintiffs' complaint in its entirety and award the City Costs. Answer (Docket No. 5), p. 6. Given the nature of the requested amendment, the Court will permit Defendant to amend its Answer to change Paragraph 21 from an admission to a denial.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Amend Answer to State a Denial is granted, Plaintiffs' Motion for Summary Judgment on Liability Only is denied and Defendant's Motion for Summary Judgment on Plaintiffs' Claims for Deprivation of their Due Process and Equal Protection Rights and Takings of Their Property is granted.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**